IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2053-D

DAVID CARL MARLOWE,                )
                                   )
           Petitioner,             )
                                   )
    v.                             )         **ORDER**
                                   )
LYNN C. SUMMERS, Jr., Admin.,      )
HOKE CORRECTIONAL INSTITUTION,[1]  )
                                   )
           Respondent.             )

On April 21, 2009, David Carl Marlowe ("Marlowe" or "petitioner"), a state inmate, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. Hoke Correctional Institution Administrator Lynn C. Summers, Jr. ("respondent") answered the petition [D.E. 5] and filed a motion for summary judgment [D.E. 6]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Jordan about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 9]. Marlowe responded in opposition to the motion [D.E. 8]. As explained below, respondent's motion for summary judgment [D.E. 6] is granted.

I.

On January 22, 2008, Marlowe entered an Alford[2] plea to conspiracy to traffic in cocaine and

---

[1] The court takes judicial notice that Marlowe is now incarcerated at New Hanover Correctional Institution. See N.C. Dep't of Corr., Offender Public Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0256203&searchLastName=Marlowe&searchFirstName=David&listurl=pagelistoffendersearchresults&listpage=1 (last visited September 16, 2010).

[2] North Carolina v. Alford, 400 U.S. 25 (1970).

habitual felon in Brunswick County Superior Court. See Resp.'s Mem., Ex. 1 (judgment and commitment form). Marlowe stipulated to his prior criminal history and agreed to the court's calculation of his prior record level based on his criminal history. Id., Ex. 2 (prior record level worksheet). The stipulation is on form AOC-CR-600 entitled "Prior Record Level For Felony Sentencing." In Sections I and II, Marlowe was found to have accumulated six points for prior felony convictions and was classified as a prior record level III. Id. Section IV lists several prior convictions, but it appears that the sentencing court used only three convictions to calculate Marlowe's criminal history. See id.; see also id., Ex. 3 at 47, 55–58 (appellate record, plea hearing transcript); Petr.'s Mem. 7. Specifically, the sentencing court used three convictions imposed in Brunswick County: a conviction dated January 30, 1996, in case 94CRS8061 ("the January 30 conviction"); a conviction dated May 14, 2001, in case 00CRS56350 ("the May 14 conviction"); and a conviction dated July 14, 2003, in case 02CRS3467 ("the July 14 conviction"). See Resp.'s Mem., Ex. 2. There is an additional conviction listed on the form which also bears a docket number of 94CRS8061 and states that it was imposed on January 23, 1996, in Brunswick County, North Carolina ("the January 23 conviction"). Id. Section III is entitled "Stipulation" and states:

> The prosecutor and defense counsel . . . stipulate to the accuracy of the information set out in Sections I. and IV. of this form, including the classification and points assigned to any out-of-state convictions and agree with the defendant's prior record level or prior conviction level as set out in Section II.

Id. Both the assistant district attorney and counsel for Marlowe signed this stipulation. Id. In addition, the State offered into evidence certified copies concerning the three convictions used. See id., Ex. 3 at 56 (appellate record, plea hearing transcript). In fashioning its sentence, the court found two statutory mitigating factors and sentenced Marlowe to a range of 70 to 93 months. Id., Ex. 1 (judgment and commitment form); id., Ex. 3 (appellate record, plea hearing transcript) at 64.

2

Marlowe appealed and attempted to challenge the voluntariness of his plea, and the State moved to dismiss. On September 18, 2008, the North Carolina Court of Appeals granted the State's motion and dismissed the appeal. Resp.'s Mem., Ex. 6 (9/18/08 order dismissing appeal). On February 27, 2009, Marlowe filed a motion for appropriate relief ("MAR") in Brunswick County Superior Court, which the court summarily denied on March 4, 2009. Id., Ex. 8. On March 20, 2009, Marlowe filed a petition for writ of certiorari in the North Carolina Court of Appeals, and the Court of Appeals denied the petition on April 8, 2009. Id., Exs. 9, 11. On April 15, 2009, Marlowe submitted his section 2254 petition, and it was filed on April 21, 2009 [D.E. 1].

II.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Congress described the standard of review for a state inmate's habeas petition, where the claims have been adjudicated on the merits in state court, in 28 U.S.C. § 2254(d). Section 2254(d)

3

states that a federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state-court decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)(1) & (2). A state-court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state-court decision "involves an unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." See id. at 407. A state-court decision also may apply Supreme Court precedent unreasonably if it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id.; Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Marlowe first claims that the "trial court erred by using a false conviction" in calculating his prior record level for purposes of sentencing. Pet. 6. Marlowe apparently contends he was not actually convicted of the January 23 conviction. See Petr.'s Mem. 3–4. Marlowe first raised this claim in his MAR.

At sentencing in North Carolina, "[t]he State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f); State v. Palmateer, 179 N.C. App. 579, 581, 634 S.E.2d 592, 593 (2006). The State may prove the fact of a defendant's prior conviction by stipulation of the parties, or by "copy of the court record of the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f)(1)–(2). As noted, Marlowe stipulated to the accuracy of his prior conviction record, including the January 23 conviction. Marlowe concedes this fact, although he now "dispute[s] the information in the worksheet[.]" See Petr.'s Mem. 8–9.

As a factual matter, Marlowe has failed to rebut the state court's finding that he sustained the January 23 conviction. See 28 U.S.C. § 2254(e)(1); Sharpe, 593 F.3d at 378; cf. State v. Lincoln, No. COA09-1486, 2010 WL 2817060, at *3 (N.C. Ct. App. July 20, 2010) (unpublished) ("[T]he existence of . . . prior convictions . . . is a question of fact which may be proven by stipulation."); State v. Spencer, 187 N.C. App. 605, 613, 654 S.E.2d 69, 74 (2007) (where counsel for defendant signed stipulation on form AOC-CR-600 and did not object to court's calculation of defendant's prior criminal record, "[s]ufficient evidence in the record tend[ed] to show defendant stipulated to his prior record level pursuant to N. C. Gen. Stat. § 15A-1340.14(f)(1)"). Moreover, the sentencing court did not rely on the January 23 conviction in establishing that Marlowe was a habitual felon or in fashioning his sentence. Thus, any alleged error was harmless. Therefore, Marlowe has not shown that the MAR court's decision was contrary to or involved an unreasonable application of

clearly established federal law as determined by the Supreme Court of the United States, or that it was based on an unreasonable determination of the facts.

Next, Marlowe claims that the sentencing court's "erroneous sentencing determination unlawfully increased [his] prison sentence" and "establish[es] prejudice for purposes of [S]ixth [A]mendment ineffective assistance of... trial and appellate counsel." Pet. 7. Marlowe raised this issue in his MAR.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel at both the trial and appellate levels. See, e.g., Bobby v. VanHook, 130 S. Ct. 13, 16 (2009) (per curiam); Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel at the trial level, a habeas petitioner must establish two things. First, a petitioner must show that the counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time. See Van Hook, 130 S. Ct. at 16; Strickland, 466 U.S. at 687–91. In reviewing this element, a reviewing court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.; see Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008). Second, a petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that counsel's representation was objectively unreasonable and that a reasonable probability exists that, but for the attorney's error, he would have prevailed on his appeal. See Smith v. Robbins, 528 U.S. 259, 285–86 (2000) (citing Strickland, 466 U.S. at 687–91, 694). Appellate counsel is not required to assert all non-frivolous issues on appeal, "but rather may

select from among them in order to maximize the likelihood of success on appeal." Robbins, 528 U.S. at 288. Reviewing courts must presume that in determining which issues to appeal, appellate counsel selected those issues most likely to afford relief. See, e.g., Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

As noted, the sentencing court did not use the January 23 conviction either in determining that Marlowe was a habitual felon or in determining Marlowe's criminal history for sentencing purposes. Therefore, Marlowe has not shown any deficiency in counsel's performance, much less any prejudice. Accordingly, Marlowe has not shown that the MAR court's decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or that it was based on an unreasonable determination of the facts.

Next, Marlowe claims that the State violated the double jeopardy clause in using the January 30 and May 14 convictions against him when he had also paid a "drug tax" on "the very drug at issu[e] in [his] conviction." Petr.'s Mem. 14; see id., Ex. C. Marlowe raised this claim in his MAR.

In Lynn v. West, 134 F.3d 582 (4th Cir. 1998), the Fourth Circuit held that North Carolina's Controlled Substance Tax, N.C. Gen. Stat. § 105-113.105, is a criminal punishment for purposes of double jeopardy pursuant to Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767 (1994). However, the North Carolina appellate courts have repeatedly rejected this conclusion. See State v. Woods, 136 N.C. App. 386, 389–90, 524 S.E.2d 363, 365 (2000); State v. Adams, 132 N.C. App. 819, 820–21, 513 S.E.2d 588, 589 (1999); State v. Creason, 123 N.C. App. 495, 498–99, 473 S.E.2d 771, 772 (1996), aff'd, 346 N.C. 165, 484 S.E.2d 525 (1997) (per curiam); State v. Ballenger, 123 N.C. App. 179, 183–84, 472 S.E.2d 572, 574–75 (1996), aff'd, 345 N.C. 626, 481 S.E.2d 84 (1997) (per curiam). Moreover, the Fourth Circuit has held that, in the context of section 2254, the

7

state court's rejection of this claim is not contrary to, nor involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See Vick v. Williams, 233 F.3d 213, 217–22 (4th Cir. 2000). Thus, the claim fails.

Next, Marlowe claims that "[t]he North Carolina Court of Appeals does not allow a defendant to raise and present an ineffective assistance of counsel [claim] on direct appeals[.]" Pet. 11. It does not appear that Marlowe raised this claim in his MAR, although respondent does not argue that the claim should be dismissed on that basis. Indeed, respondent "is not entirely sure what Petitioner is referring to in" this claim, but asserts that it may be based on a typographical error in the MAR order, in which the MAR court cited North Carolina's procedural bar statute, even though it dismissed petitioner's MAR on substantive grounds. See Resp.'s Mem. 4 n.2, 11.

The North Carolina Court of Appeals has noted that "ineffective assistance of counsel claims should often be litigated in a motion for appropriate relief" rather than on direct appeal. State v. Adams, 156 N.C. App. 318, 324, 576 S.E.2d 377, 382 (2003). However, the North Carolina Court of Appeals also has held that such "claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." Id., 576 S.E.2d at 382 (quotation omitted). For the reasons stated above concerning Marlowe's ineffective-assistance claim, the MAR court did not reach a decision which is contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Thus, the claim fails.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has adjudicated and denied petitioner's constitutional claims on the merits, a petitioner must demonstrate that reasonable jurists

8

could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds that reasonable jurists would not find the court's treatment of any of Marlowe's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability.

III.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 6] and DISMISSES petitioner's application for a writ of habeas corpus [D.E. 1]. The court also DENIES a certificate of appealability. The Clerk of Court shall close the case.

SO ORDERED. This 16 day of September 2010.

JAMES C. DEVER III
United States District Judge

9