IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2053-D

| | | |
|---|---|---|
| DAVID CARL MARLOWE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LYNN C. SUMMERS, Jr., Admin., | ) | |
| Hoke Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

David Carl Marlowe ("petitioner" or "Marlowe"), a state inmate, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 16, 2010, the court granted respondent's motion for summary judgment [D.E. 11]. On September 27, 2010, Marlowe filed "objections to the recommendation of the U.S. Magistrate Judge," which the court construes as a motion for reconsideration [D.E. 13].

Marlowe seeks reconsideration of the court's finding that the state had sufficiently proven his prior conviction record and that any error in his prior conviction record was harmless because the challenged conviction did not form any basis for Marlowe's sentence. Mot. Reconsideration ¶¶ 2–11. Marlowe also contends that he "did not see the prior record level worksheet or did he agree to defense counsel to make a stipulation to the prior level worksheet." Id. ¶ 15.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth

Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Marlowe has not presented any argument warranting reconsideration, and has cited no recent change in the controlling law, newly discovered evidence, or a clear error that merits an alteration or amendment to the judgment.

Alternatively, to the extent Marlowe seeks relief under Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure, his motion also fails. Rule 60(b) authorizes the court to "relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect ... [or] fraud, ... misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); see Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

Marlowe has failed to establish a meritorious claim or defense. Accordingly, Marlowe fails to meet Rule 60(b)'s threshold requirements.

2

In sum, the court DENIES Marlowe's motion for reconsideration [D.E. 13].

SO ORDERED. This 2 day of May 2011.

                                                JAMES C. DEVER III
                                                United States District Judge